## Alexander Murray v. Christopher Moross.

*Landlord and tenant: Covenant to keep in repair: Charge to the jury.* In an action upon a covenant in a lease to keep the premises in repair during the term, and at the end thereof to deliver them up in like condition as when taken, reasonable use and wear thereof and injury by the elements excepted, it is not error to charge the jury that the defendant had no right to remove a box stall he had put up in the barn on the leased premises, if the removal would injure the freehold.

*Heard April 24. Decided April 29.*

Error to Wayne Circuit.

*Browse T. Prentis,* for plaintiff in error.

*O. Kirchner,* for defendant in error.

COOLEY, J.

Moross sued Murray for breach of covenant contained in a lease, by which Murray had bound himself to keep the premises and every part thereof in good repair during the continuance of the lease, and at the end of the term to yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and injury by the elements excepted. It appeared on the trial that Murray had put up a box stall in the barn for the occupation of his horses, and had afterwards torn it out again. There was some evidence that the necessity for putting it in was occasioned by injury the horses had done the barn, and testimony was given to show that it could not be taken out and leave the barn in like condition as before. The court charged the jury that Murray had no right to remove the box stall if the removal would injure the freehold, and this in substance was given in various forms with explanations.

The charge was correct. Murray could not surrender the premises in like condition as before, if he tore out improvements and necessarily caused an injury by so doing.

Another point is made by the brief of plaintiff in error, but as there is nothing in the record to show how it bears upon the present case, or whether it bears at all, we pass it by.

The judgment must be affirmed.

The other Justices concurred.